IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

WILLIAM R. FOLDS,           )
                                  )
          Petitioner,        )    Case No. CV-04-0628-S-BLW
                                  )
v.                           )    **MEMORANDUM DECISION**
                                  )    **AND ORDER**
BRENT MOSS, et al.,       )
                                  )
          Respondents.     )
_____ )

Before the Court in this habeas corpus matter is Respondents' Motion for
Summary Dismissal.  (Docket No. 10.)  The Court has determined that this matter
will be submitted the briefing and the record without oral argument.  D. Idaho L.
Civ. R. 7.4(d).  For the reasons set forth more fully herein, the Court will grant
Respondents' Motion, and this case will be dismissed with prejudice.

## BACKGROUND

In November 2001, the State of Idaho charged Petitioner by Information
with one count of robbery, which the State later amended to include an allegation
that Petitioner was a persistent violator of the law and subject to enhanced
penalties.  Petitioner agreed to plead guilty to the robbery charge in exchange for
the State's agreement to drop the persistent violator enhancement.  The parties did
not reach an agreement as to the appropriate sentence, and the state district court

**Memorandum Decision and Order - 1**

sentenced Petitioner to fifteen years, with the first five years fixed.

Petitioner appealed, arguing that his sentence was excessive under state law and that the district court abused its discretion in failing to grant his request to reduce the sentence. The Idaho Court of Appeals rejected these arguments, and the Idaho Supreme Court declined to review that decision.

Petitioner next filed a Petition for Post-Conviction Relief in state district court, raising a range of issues, including constitutional challenges to his guilty plea. The state district court summarily dismissed the application on January 14, 2004. Petitioner did not appeal.

On March 25, 2004, Petitioner filed a federal Petition for Writ of Habeas Corpus. *See* Case No. CV 04-0144-S-BLW. At the time, Petitioner did not indicate that he had completed post-conviction proceedings in state court, and this Court dismissed the Petition without prejudice for failure to exhaust state court remedies. Petitioner's requests for a certificate of appealability were denied by this Court and by the Court of Appeals for the Ninth Circuit.

Nearly five months later, Petitioner requested reconsideration of the order of dismissal, claiming, for the first time, that he had sought post-conviction relief in state court. He also lodged a new Petition for Writ of Habeas Corpus. The Court denied the request for reconsideration, but ordered the Clerk of Court to file the

**Memorandum Decision and Order - 2**

Petition under a new case number.

In the current Petition, Petitioner alleges that (1) his sentence is excessive (which the Court has broadly construed as a claim arising under the Eighth Amendment), (2) he was denied his constitutional right to the effective assistance of counsel, (3) the trial judge committed misconduct, and (4) the prosecutor committed misconduct and (5) the prosecutor breached the plea agreement. *See* Petition for Writ of Habeas Corpus, pp. 2-4.

Respondents have filed a Motion for Summary Dismissal, arguing that none of these claims were raised in the Idaho Supreme Court and that they are now procedurally defaulted. Petitioner has responded, and the matter is ripe for a decision.

## STANDARD OF LAW

Before a federal court can grant relief on a constitutional claim, a habeas petitioner must have exhausted his state court remedies with respect to the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust a claim properly, the petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). In Idaho, this means that a federal constitutional claim must have been at

**Memorandum Decision and Order - 3**

least presented in a petition for review in the Idaho Supreme Court.

The mere similarity between a state law claim and a federal claim does not constitute proper exhaustion of the federal claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Instead, the petitioner must ordinarily direct the state court to the constitutional provision that supports his claim, federal cases that apply the constitutional rule, or state court cases that clearly analyze the federal claim. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

A habeas petitioner's failure to raise a constitutional claim in state court will result in a procedural default if the petitioner would now be barred from raising the claim under the state's procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A procedurally defaulted claim will not be considered unless the petitioner can establish cause for the default and actual prejudice, or he can show a miscarriage of justice in his case. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## DISCUSSION

Respondents contend that Petitioner has not raised any federal constitutional claims in the Idaho Supreme Court and that it is now too late to do so. After reviewing the record, the Court agrees.

**Memorandum Decision and Order - 4**

During his direct appeal in the Idaho Court of Appeals, Petitioner relied solely upon state law to argue that his sentence was excessive and that the district court abused its discretion in denying his motion to reduce the sentence. In particular, Petitioner did not allege that his conviction or sentence violated any federal constitutional provisions. The same is true of his subsequent Petition for Review in the Idaho Supreme Court. *State's Lodgings B-1, B-3, B-4*.

Similarly, while Petitioner raised constitutional claims in his *pro se* application for post-conviction relief, he did not appeal from the summary dismissal of that application. Petitioner's failure to climb the appellate ladder and present his constitutional claims at each step means that he has not fairly presented those claims to the state courts for purposes of federal habeas review. *See Baldwin v. Reese*, 541 U.S. 27 (2004).

Petitioner appears to acknowledge this, and he has requested the Court to dismiss the case without prejudice so that he can exhaust his claims now. (Docket Nos. 23 & 31.) In a previous Order, the Court explained to Petitioner that the federal statute of limitations has probably expired, and that any dismissal, whether it is based upon a failure to exhaust or for some other reason, would effectively be with prejudice to his right to return to federal court. (Docket No. 30.) The Court also encouraged Petitioner to address whether any state court remedies actually

**Memorandum Decision and Order - 5**

remain available in which to raise his claims, but Petitioner has not done so.  *See Id*.  In any event, the Court concludes that no remedies are currently available to Petitioner.

To the extent that Petitioner wishes to file a successive application for post-conviction relief, that possibility is foreclosed by Idaho Code § 19-4908.  That statutory provision prohibits successive applications for relief, unless a petitioner can provide a "sufficient reason" for the his failure to include a claim, or his failure to present a claim adequately, in the original proceeding.  *Id*.  Petitioner has not given any reason why he either failed to raise a claim in his original application or why he raised a claim inadequately.  In the absence of a reason, it is clear that a new case would be barred by I.C. § 19-4908.  Moreover, any successive petition would likely be untimely.  *See Hernandez v. State*, 992 P.2d 789, 799 (Idaho Ct. App. 1999) (concluding that a successive petition must generally be filed within one year of the conclusion of the initial post-conviction action).

If, alternatively, Petitioner attempted to file a notice of appeal from the state district court's January 2004 order of dismissal, the notice would be two years too late.  Idaho Appellate Rule 14 (notice of appeal must be filed within 42 days of judgment).

Accordingly, Petitioner's failure to present his claims in the highest state

**Memorandum Decision and Order - 6**

court at the correct time and in the correct manner has resulted in a procedural default of those claims. *Gray v. Netherland*, 518 U.S. 152, 161 (1996).

Procedurally defaulted claims must be dismissed unless the petitioner can establish cause for the default, and actual prejudice, or can show that a fundamental miscarriage of justice will occur if the claims are not heard on the merits. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show "cause," a petitioner must demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears the burden of showing that any errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Finally, a fundamental miscarriage of justice in these circumstances means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496.

In an attempt to show cause, Petitioner suggests that an attorney employed by the office of the State Appellate Public Defender is at fault for his failure to appeal from the dismissal of his application for post-conviction relief. *See Brief in Response*, pp. 8-9. Petitioner's argument in this respect is less than clear, but he

**Memorandum Decision and Order - 7**

alleges that the attorney promised to file a notice of appeal during the post-conviction proceeding, but did not do so.

The Court finds no merit to this allegation.  There is no indication in the record that counsel was appointed to represent Petitioner during post-conviction proceedings, either while the case was pending in the state district court or for purposes of appeal after the case had been dismissed.  Rather, the State Appellate Public Defender represented Petitioner during his earlier sentencing appeal.  But even if counsel had been appointed during the post-conviction proceeding, or had otherwise promised to file a notice of appeal, counsel's failure to perfect an appeal from the dismissal of the post-conviction action will not provide a sufficient cause to excuse a procedural default.  *See Coleman*, 501 U.S. at 750.

Although Petitioner also refers obliquely to a fundamental miscarriage of justice in this case, he has not come forward with new evidence that would establish that it is more likely than not that no juror would now find him guilty beyond a reasonable doubt.  *Schlup v. Delo*, 513 U.S. 298, 329 (1995).  Thus, the miscarriage of justice exception is not applicable.

For all of these reasons, the Court concludes that Petitioner's habeas claims are procedurally defaulted without a showing of cause and prejudice to overcome the default.  Respondents' Motion for Summary Dismissal will be granted on that

basis.[1]

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondents' Motion

for Summary Dismissal (Docket No. 10) is GRANTED

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is

dismissed with prejudice.

DATED:  **February 6, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

---

[1]  The Court notes that Petitioner's consistent refrain that opposing counsel has engaged in unethical behavior in this proceeding is untrue and not relevant to procedural default issues. *See Brief in Response*, pp. 8-12.  Furthermore, the Court has provided Petitioner with a copy of the state court record, most of which it appears that he already had, and has given Petitioner more than ample time in which to prepare his pleadings, motions, and responses.

**Memorandum Decision and Order - 9**